# WILLIAM DAVIS *v.* WILLIAM E. KEYES, IMPLEADED WITH ROBERT KNOX AND ANOTHER.

### *Co-partnership—Dissolution—Notice to Dealers.*

The law does not determine the exact kind of notice to be given to the creditors of a firm, of the dissolution of a partnership. The law intends that the creditor shall have notice of the dissolution; therefore any act from which it can fairly be inferred the creditor had such notice, is proper to be given to the jury.

CLERKE, J.—This is an action on a promissory note, made by the firm of Knox & Co. The Plaintiff endorsed it for the accommodation of the firm, and when it became due he was compelled to pay it. Knox succeeded on the defence, on the ground of infancy; and Keyes, the Appellant, rested his defence on the ground of withdrawal from the firm, prior to the making of the note, and that notice of dissolution was given to the Plaintiff before he endorsed it.

Knox, senior, and the Defendant Keyes, both testified that notice of dissolution was inserted in two newspapers, without producing them. They gave no particulars, and did not prove that the Plaintiff had any knowledge of the notice. It seemed to be conceded that the Plaintiff was a previous dealer, and was entitled to special notice of the dissolution.

The Plaintiff, on the one part, and Keyes and Knox, junior, on the other, executed, on the 6th of April, 1864, an indenture of lease of the premises on which the latter transacted their business, for the term of three years. At the time the Plaintiff testifies that he had transactions with them, he does not say whether there were any other transactions than the execution and delivery of the lease. He was in the habit of visiting the premises sometimes, subsequently, and received soap from them towards paying the rent. He evidently credited them for the rent. Indeed, as I have said, it seems not to have been disputed, at the trial, that he was entitled to special notice of the dissolution before he en-

dorsed the note. So that it seems to me the only question at the trial was, whether the Plaintiff had received such notice. The evidence in relation to it was conflicting, and the jury found for the Plaintiff.

The motion for a new trial was properly denied.

There are no exceptions in the case.

The judgment should be affirmed, with costs.

Affirmed.

JOEL TIFFANY,<br>State Reporter.